# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRE HARRELL, | : | Civil No. 1:20-CV-1156 |
| Plaintiff, | : | |
| v. | : | |
| ALLESHA GRADY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

On June 28, 2020, self-represented Plaintiff Tre Harrell lodged this complaint against seventeen Commonwealth of Pennsylvania employees alleging civil rights violations pursuant to 42 U.S.C. § 1983. (Doc. 1.) Although not incarcerated, Harrell proceeds *in forma pauperis.* (Doc. 9.) Harrell sues members of the Pennsylvania Board of Probation and Parole ("the Board") and Pennsylvania Department of Corrections ("DOC") employees following the revocation of his parole for alleged technical violations, his administrative appeal process, an excessive use of force event, and his receipt of a retaliatory institutional misconduct. (*Id.*) The court proceeds to screen Harrell's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons that follow, the court will dismiss the complaint pursuant to Federal Rule of Civil Procedure 20 but grant Harrell leave to file an amended complaint.

## Allegations of the Complaint[1]

Harrell sets forth two distinct claims against two distinct group of defendants in his complaint. (Doc. 1.) Named as Defendants are the following employees of the Pennsylvania Board of Probation and Parole: Allesha Grady, Audrey Donald, Chad Allensworth, A. Moscatto, Theodore Johnson, M. Koch, C. Fox, Leo Dunn, M. Barden, and Scott Woolf. Harrell alleges these individuals were involved with his revocation of parole, successful administrative appeal process, and then the improper modification of that administratively final decision. (*Id.*, ¶¶ 6–55.)

The second group of Defendants are employed by the DOC, and are primarily assigned to the Rockview State Correctional Institution ("SCI–Rockview"), in Bellefonte, Pennsylvania, where Harrell was housed from August 14, 2018, until his release in 2020: Correctional Officer ("CO") Swartz, Hearing Examiner Trisha Walter, Superintendent Mark Gasman, Deputy Superintendent Gerald McMahon, Deputy Superintendent Morris Houser, Program Manager Timothy Miller, and Chief Hearing Examiner Zachary Moslak. (*Id.*, ¶¶ 16–22.) The court addresses Harrell's claims against each group of defendants.

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this memorandum. *See Geness v. Admin. Office of Pennsylvania Courts*, 974 F.3d 263, 269 (3d Cir. 2020).

### A. Parole Revocation & Administrative Appeal Issues

According to the allegations in the Complaint, on May 6, 2017, Harrell was released on parole under the Board's supervision. (*Id.*, ¶ 24.) He was arrested in Atlantic City, New Jersey, on March 25, 2018, and detained pursuant to a Board warrant. On April 4, 2018, Harrell was extradited to Pennsylvania and lodged at the Graterford State Correctional Institution ("SCI–Graterford"), in Collegeville, Pennsylvania pending a preliminary hearing on his alleged technical parole violations. (*Id.*, ¶¶ 25–26.)

On April 12, 2018, Allesha Grady served Harrell with a notice of charges and the time and date of his preliminary hearing, April 20, 2017 at 9 a.m., to determine whether there was probable cause that Harrell technically violated the terms of his parole. (*Id.*, ¶ 27.) Grady tried to coerce Harrell to waiving his right to a preliminary hearing, which he refused to do. Harrell advised Grady of his desire to present his GPS ankle monitoring history as evidence at the hearing to show "Grady allowed Plaintiff Tre Harrell to stay in New Jersey for months." (*Id.*) Grady then became angry with Harrell.

Harrell indicated on form PBPP 72T that he waived the right to a panel conducting his preliminary hearing. (*Id.*) He did not waive his right to a hearing or his right to counsel at his preliminary hearing. (*Id.*) However, he later received a copy of the PBPP 72T form and learned "Grady forged Plaintiff Tre Harrell's

signature of the [PBPP 72T] form" so it reflected that he waived his right to a preliminary hearing as well as his right to representation at the hearing. (*Id.*, ¶ 28.) On April 18, 2018, the Board issued an administrative action report holding that "probable cause was established on conditions 1, 2, and 3A. Detain in PC Center. Violation (hearing/decision) held in abeyance, pending completion of recommended programming" (*Id.*, ¶ 30.) The action was based on Audrey L. Donald's determination of April 16, 2018. (*Id.*)

On April 30, 2018, when the date for Harrell's preliminary hearing came and went, Harrell wrote to parole staff emphasizing that he did not waive his preliminary hearing. Gisannette Rivera, a non–defendant, responded that she had "a waiver signed by you waiving the hearing. Thus, you are awaiting a board action." (*Id.*, ¶ 33.)

On May 11, 2018, Harrell wrote to the PBPP asserting that his rights upon commitment as a parole violator had been violated since he did not waive his preliminary hearing. (*Id.*, ¶ 34.) In the interim, Harrell received a misconduct and was placed in SCI-Graterford's Restricted Housing Unit ("RHU"). Following a misconduct hearing, Harrell received a disciplinary sanction of 45 days in disciplinary custody after a hearing examiner found him guilty of threatening an employee or their family with bodily harm, and abusive language. (*Id.*, ¶¶ 35–37.)

A copy of the misconduct packet was forwarded to the PBPP for "review and consideration." (*Id.*, ¶ 37.)

On June 4, 2018, the Board's Chief Hearing Examiner Chad Allenwsorth, based on fabricated documents, held that Harrell had waived his preliminary hearing and right to counsel. He also discharged Harrell from his Community Corrections facility "as a result of no longer being in good standing with the Board under 61 P.S.C.S. 6137(e)(3)," revoked his parole, and noted his recent institutional disciplinary infractions for assaultive behavior. (*Id.*, ¶ 38.) On June 12, 2018, A. Moscatto reached the same conclusions based on the erroneous and false information contained in Harrell's file. (*Id.*, ¶ 39.)

On July 6, 2018, the Board issued a decision recommitting Harrell as a technical parole violator for leaving the district without permission, change of residence without permission, and failure to report as instructed. It noted that the evidence relied upon was "Plaintiff admission. Disciplinary hearing reports. Documented PBPP forms." (*Id.*, ¶ 40.) Because Harrell was considered a threat to the safety of the community, and citing his recent assaultive misconduct, the Board determined the violations were established. His next parole review was set for May 18, 2019. (*Id.*)

Harrell filed a timely petition for administrative review challenging the July 6, 2018 parole determination based on insufficient evidence to support the decision

5

and due process violations. (*Id.*, ¶ 41.) On November 21, 2019, Harrell's administrative appeal was assigned to a panel. Mokoch was the first of three panel members to vote on his administrative appeal. Mokoch voted to reverse the July 6, 2018 PBPP decision urging that Harrell should be "release[d] immediately". (*Id.*, ¶ 43.) Next, C. Fox voted to affirm the Board's decision. (*Id.*, ¶ 44.) Theodore Johnson, the third panel member, voted on December 5, 2019 to reverse the July 6, 2018 Board action and indicated he thought Harrell should be immediately released. (*Id.*, ¶ 45.)

On December 10, 2019, the Board, through Scott Wolff, rendered a decision reversing its decisions of June 3, 2018 and July 6, 2018, "due to receipt of new information [and decided to ] [r]eaffirm [the] board action recorded April 18, 2018," which decided to hold a decision as to Harrell's technical violation of his conditions of parole in abeyance pending his completion of recommended programming and to detain him in a parole violator center. (*Id.*, ¶¶ 30, 47.) The same day, the Board faxed a memo to DOC officials at Harrell's institution, SCI–Rockview, directing the institution's parole office to immediately process Harrell for release. (*Id.*, ¶ 49.) The next day Harrell's institutional misconduct history was faxed to the Board. (*Id.*)

The receipt of this latest information prompted Theodore Johnson to change his administrative appeal decision in favor of Harrell's release. (*Id.*) The Board

6

issued a decision rescinding its action of December 10, 2019, based on "new information." The decisions of July 6, 2019 and June 13, 2019 were reinstated and affirmed, and the Board directed Harrel should be reviewed for parole on the next available docket. (*Id*.) On December 11, 2019, Leo Dunn also modified his decision in Harrell's previously successful administrative appeal. The following individuals reviewed and reversed Harrell's previously favorable administrative appeal: Fox, Barden and Dunn. (*Id.*, ¶¶ 50–53.) On January 15, 2020, Scott Wolff issued a decision revoking Harrell's release. (*Id.*, ¶ 54.) Harrell is not presently incarcerated.

      **B.**    **Claims Against DOC Defendants**

According to the allegations in the Complaint, on August 19, 2019, while housed at SCI–Rockview, Harrell was involved in an altercation with staff. Following the incident, CO Swartz issued Harrell misconduct D370847 charging him with assault, presence in an unauthorized area, and refusing to obey an order after Harrell allegedly refused to return to his cell and punched the officer in the left eye and temple area. Harrell was immediately placed in the institutions RHU under prehearing confinement. Harrell filed an abuse claim against Swartz and other officers for assaulting him while handcuffed. (*Id.*, ¶¶ 55–57.)

On August 23, 2019, Hearing Examiner Trisha Walter conducted a hearing on the charges. Harrell requested Walter review the video tape of the event. His

request was denied based on statements from security staff that no such evidence was available. Walter found Harrell guilty based on the misconduct report. (*Id.*) Harrell filed an appeal to the Program Review Committee ("PRC") which consisted of McMahon, House, and Miller. The PRC affirmed Walter's decision. (*Id.*, ¶ 60.) Garman denied Harrell's appeal. Harrell's final appeal to Zachary Mosiak was denied. (*Id.*, ¶ 61.)

## JURISDICTION

This court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. As Harrell's assertions of federal law are apparent on the face of the complaint, this court has jurisdiction over this matter. *See* Doc. 1.

## STANDARD OF REVIEW

Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to screen and dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). Whether a complaint fails to state a claim a claim under 28 U.S.C. § 1915(2)(2)(B) is governed by the same standard applicable to motions to dismiss under Federal

Rule of Civil Procedure 12(b)(6).  *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

On a motion to dismiss, the court must "accept all factual allegations as true and determine whether 'under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Furgess v. Pennsylvania Dep't of Corr.*, 933 F.3d 285, 288 (3d Cir. 2019) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).  To assess the sufficiency of a complaint, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and are not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir 2017) (internal quotation marks omitted) (quoting  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)).

As Plaintiff is self-represented, the court construes his pleading liberally.  *Garrett*, 938 F.3d at 92 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Yet even a self–represented plaintiff "must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.

2013) (citation omitted).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).  A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

The court's screening obligation requires the court to determine whether Federal Rule of Civil Procedure 20 authorizes Harrell to join his claims against the Board and DOC defendants in a single action.  Upon examination, the court concludes it does not.  As such, Harrell will be granted leave to file an amended complaint.

**A.   Improper Joinder of Claims and Defendants**

Rule 20 of the Federal Rules of Civil Procedure govern the permissive joinder of parties in an action.  Fed. R. Civ. P. 20(a)(2) allows persons to "be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Courts have broad discretion in applying Fed. R. Civ. P. 20 to reduce inconvenience, delay, and added expense to the parties and to the court, and to promote judicial economy. *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. *See*, *e.g.*, *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007) (nonprecedential).

As presently drafted, Harrell's complaint violates Rule 20 of the Federal Rules of Civil Procedure as it raises distinct claims against two separate groups of defendants in a single action. Specifically, he asserts due process claims with respect to his parole revocation and administrative appeal process against the Board defendants, and an excessive use of force and retaliatory misconduct claim against the DOC defendants.[2] He has not alleged any facts linking *all* of the defendants to any one alleged constitutional violations.

While Harrell's receipt of a misconduct may have influenced the Board's decision to revoke its December 10, 2019 decision granting him re-parole, he does not assert the DOC defendants participated in the Board's administrative decisions in 2018 or 2019. Likewise, Harrell fails to allege any facts linking any of the

---

[2] Additionally, it is noteworthy that Harrell's parole claims emanate from the alleged actions of Allesha Grady, at SCI–Graterford, when she allegedly altered Harrell's parole form indicating he waived his right to a preliminary hearing concerning his parole revocation. The court takes judicial notice of the fact that SCI–Graterford is in the United States District Court for the Eastern District of Pennsylvania, not the Middle District, and is more appropriately presented to that court.

Board defendants to his claims of excessive force, retaliation, or due process against the DOC defendants. While Harrell may seek to join his claims against both sets of defendants in a single suit, he may not as his claims against them do not arise out of the same transaction or occurrence and do not present a question of law or fact common to all. Clearly, the defendants in each factual scenario leading to the alleged violation of Harrell's constitutional rights are distinct and unrelated, aside from all defendants being employed by the Commonwealth of Pennsylvania. This simply is not enough of a common thread to allow Harrell to join all defendants in a single action. Accordingly, the complaint will be dismissed with leave to file an amended complaint.

## B.    Leave to File an Amended Complaint

As it is conceivable that Harrell may be able to cure the Rule 20 defect of his pleading, the court will grant him twenty-one days to file an amended complaint. If Harrell decides to file an amended complaint, he must clearly label the document "Amended Complaint." It must bear the docket number assigned to this case and must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, on the court-approved form.[3] Illegible documents will be returned to plaintiff. In

---

[3] In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

12

addition, any amended complaint filed by Harrell supersedes (replaces) the original complaint "and renders the original pleading a nullity." *Garret,* 938 F.3d at 82.

If Harrell fails to file an amended complaint on the court's form within twenty-one days, and in compliance with the court's instructions, the court will dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Finally, Plaintiff is reminded of his obligation to advise the court of any change of address. *See* M.D. Pa. LR 83.18. His failure to do so will be deemed as abandonment of the lawsuit resulting in the dismissal of the action.

An appropriate order follows.

                                         s/ Jennifer P. Wilson
                                         JENNIFER P. WILSON
                                         United States District Court Judge
Dated: August 27, 2021        Middle District of Pennsylvania