IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRE HARRELL, | : | Civil No. 1:20-CV-01156 |
| Plaintiff, | : | |
| v. | : | |
| ALLESHA GRADY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Defendant Allesha Grady's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Doc. 38.) Plaintiff Tre Harrell ("Plaintiff") was previously a parolee and had his parole revoked in 2018. (Doc. 16.) It is the details of this parole revocation that are the basis for this 42 U.S.C. § 1983 action. For the following reasons, the court will grant Defendant Grady's motion for judgment on the pleadings in part and grant Plaintiff leave to amend his complaint.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 in July of 2020. (Doc. 1.) Following an initial screening under 42 U.S.C. § 1915(e)(2)(B)(ii), this court dismissed the complaint, but provided Plaintiff leave to file an amended complaint in August of 2021. (Doc. 12.)

1

In October of 2021, Plaintiff filed an amended complaint naming ten defendants: (1) Allesha Grady ("Grady"), Supervising Parole Agent for Pennsylvania Department of Probation and Parole; (2) Audrey L. Donald ("Donald"), Hearing Examiner for the Pennsylvania Board of Probation and Parole; (3) Chad L. Allensworth ("Allensworth"), Hearing Examiner for the Pennsylvania Board of Probation and Parole; (4) A. Moscatto ("Moscatto"), Chief Hearing Examiner for the Pennsylvania Board of Probation and Parole; (5) Theodore A Johnson ("Johnson"), Board Member of the Pennsylvania Board of Probation and Parole; (6) M. Koch ("Koch"), Board Member of Pennsylvania Board of Probation and Parole; (7) C. Fox ("Fox"), Board Member of Pennsylvania Board of Probation and Parole; (8) Leo Dunn ("Dunn"), Board Member of Pennsylvania Board of Probation and Parole; (9) M. Barden ("Barden"), Board Member for the Pennsylvania Board of Probation and Parole; and (10) Scott Woolf ("Woolf"), Secretary for the Board of Pennsylvania Board of Probation and Parole.  (Doc. 16.)

The complaint alleges that on May 6, 2017, Plaintiff was released on Pennsylvania state parole to an approved home plan in Philadelphia.  (*Id*., ¶ 17.) On March 25, 2018, he was arrested in Atlantic City, New Jersey by Atlantic City police officers and detained in the Atlantic County Justice Facility for a warrant issued by the Pennsylvania Board of Probation and Parole.  (*Id*., ¶ 18.)  He was

extradited to Pennsylvania on April 9, 2018 and held at State Correctional Institute Graterford ("SCI-Graterford") pending disposition of the alleged parole violations. (*Id.*, ¶ 19.) On April 12, 2018, Defendant Grady served a notice of charges and hearing concerning his alleged violations. (*Id.*, ¶ 20.) Plaintiff alleges that Defendant Grady attempted to coerce him into signing a form which would waive his rights to a preliminary hearing, a violation hearing, and the representation of counsel at these hearings, and that he refused to sign the waiver. (*Id.*) Plaintiff alleges that of the forms received, he only signed the section concerning his admission, but did not waive his right to a hearing. (*Id.*)  He then alleges that Defendant Grady forged his signature on the form waiving his right to a preliminary hearing, his right to a violation hearing, and his right to representation of counsel at these hearings. (*Id.*, ¶ 21.)

Plaintiff alleges that on April 16, 2018, Defendant Donald conducted a preliminary hearing/detention hearing after accepting the unsigned or forged waiver form and determined that Plaintiff waived his right to a preliminary hearing scheduled for April 20, 2018. (*Id.*, ¶ 22.) As a result, Plaintiff did not have a preliminary hearing. (*Id.*, ¶ 24.) Plaintiff alleges that on April 30, 2018, he sent a letter to the parole staff at SCI-Graterford indicating he had not waived his right to a preliminary hearing. (*Id.*, ¶ 25.) After being informed by a member of the parole staff that she received a waiver signed by him waiving his right to such a hearing,

3

he wrote the Pennsylvania Board of Probation and Parole explaining that he had not signed the waiver. (*Id*., ¶¶ 26–27.)

On May 18, 2018, Plaintiff was still housed at SCI-Graterford and received a misconduct for threatening an employee or their family with bodily harm, using abusive, obscene, or inappropriate language, and refusing to obey an order, and was sent to the restricted housing unit. (*Id*., ¶¶ 28, 29(b)[1].) On May 21, 2018, Plaintiff was found guilty of the misconduct charge. (*Id*., ¶ 29(a).) On May 22, 2018, a staff member from SCI-Graterford Parole sent notification to the Pennsylvania Board of Probation and Parole that Plaintiff had received the misconduct. (*Id*., ¶ 29(b).)

Plaintiff alleges that on June 4, 2018, Defendant Allensworth accepted an unsigned or forged violation hearing and counsel waiver form, fabricated a hearing report by falsely claiming that Plaintiff was discharged from a community correction center as a result of no longer being in good standing with the Pennsylvania Board of Probation and Parole, had committed disciplinary infractions involving assaultive behavior, and revoked his parole. (*Id*., ¶ 30.) Plaintiff alleges that on June 12, 2018, Defendant Moscatto did the same. (*Id*., ¶ 31.) On July 6, 2018, the Pennsylvania Board of Probation and Parole decided to

---

[1] There are two paragraphs identified as 29. (Doc. 16, p. 6.) Therefore, the court uses (a) and (b) to differentiate between the two.

recommit Plaintiff to a state correctional institution due to the misconduct he received.  (*Id*., ¶ 32.)

Plaintiff alleges that he appealed the determination on July 13, 2018.  (*Id*., ¶ 33.)  In November and December, Defendants Koch, Fox, and Johnson voted to reverse the July 6, 2018 decision and release Plaintiff.  (*Id*., ¶¶ 35–37.)  Plaintiff alleges that instead of being released based on the votes of Defendants Koch, Fox, and Johnson, the Pennsylvania Board of Probation and Parole rendered a decision to rescind board actions recorded on July 6, 2018 due to new information, and then reaffirmed the board action taken on April 18, 2018.  (*Id*., ¶ 39.)

Plaintiff alleges that on December 10, 2019, a memo was faxed to State Correctional Institute Rockview[2] ("SCI-Rockview") to process Plaintiff for immediate release.  (*Id*., ¶ 40.)  However, on December 11, 2019, a memo was faxed to the Pennsylvania Board of Probation and Parole showing that Defendant Johnson had changed his vote on the administrative appeal.  (*Id*., ¶ 41.)  Plaintiff alleges that then Defendants Dunn, Fox, and Barden voted to affirm the July 6, 2018 determination.  (*Id*., ¶¶ 42–45.)  Plaintiff alleges that Defendant Woolf then transmitted the decision to affirm the July 6, 2018 determination.

---

[2] Plaintiff was transferred to SCI-Rockview on August 14, 2018, and released from confinement on July 9, 2020.  (Doc. 30, pp. 1–2.)

The nine defendants who were members of the Pennsylvania Board of Probation and Parole moved to dismiss the complaint on June 9, 2022.  (Docs. 28, 29.)  Defendant Grady answered the complaint on June 13, 2022 and did not join the motion to dismiss.  (Doc. 29.)  On February 15, 2023, the court granted the nine board member defendants' motion and dismissed them as defendants in this action.  (Docs. 33, 34.)  The court then entered a case management order scheduling the remaining phases of litigation for all claims raised against Defendant Grady.  (Doc. 35.)  Following a status conference on July 26, 2023, the court amended this case management order.  (Doc. 37.)

On July 31, 2023, Defendant Grady filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and a brief in support.  (Docs. 38, 39.)  Plaintiff filed a brief in opposition on September 2, 2023, which is mistitled on the docket as an affidavit in opposition.  (Doc. 44.)  Defendant Grady filed a reply on September 15, 2023.  (Doc. 45.)  This motion for judgment on the pleadings is now ripe and will be addressed by the court.

The court has stayed the case management deadlines in this action pending the resolution of the instant motion for judgment on the pleadings.  (Doc. 42.)

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil

cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Gaterford and SCI-Rockview, which are both located in within this district. *See* 28 U.S.C. § 118(b).

## STANDARD OF REVIEW

After the pleadings are closed, "a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts apply the same standards to motions for judgments on the pleadings pursuant to Rule 12(c) as to motions to dismiss pursuant to Rule 12(b)(6). *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("there is no material difference in the applicable legal standards"). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to

dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

## DISCUSSION

Defendant moves for judgment on the pleadings arguing that Plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1944). (Doc. 39.) Plaintiff argues that the complaint includes an allegation that the Pennsylvania Board of Probation and Parole invalidated the July 6, 2018 decision, and his action is not barred by *Heck*. (Doc. 44, p. 4.)[3] The court finds that while the complaint does include an allegation that the July 6, 2018 decision was invalidated, the subsequent upholding of the July 6, 2018 decision results in his claim being barred by *Heck*.

In *Heck v. Humphrey*, the Supreme Court clarified the interplay between habeas and civil rights claims. The *Heck* Court ruled that a 42 U.S.C. § 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

---

[3] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486–87 (footnote omitted).

Additionally, as the Supreme Court explained in *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original): "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." The Third Circuit summarized the holding of *Heck* as follows: "where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006).  In the instant action, the favorable-termination rule established in *Heck* applies because Plaintiff's complaint calls into question July 6, 2018 decision of the Pennsylvania Board of Probation and Parole.

Here, both parties' assertions are accurate.  The amended complaint alleges that the July 6, 2018 recommitment decision was overtured as part of Plaintiff's administrative appeal on December 5, 2019.  (Doc. 16, ¶ 37.)  However, the July 6, 2018 decision was later affirmed when Defendant Johnson changed his vote.  (*Id.*,

9

¶ 41.) Thus, the July 6, 2018 recommitment decision was ultimately upheld in Plaintiff's administrative appeal. Plaintiff repeatedly refers to the action of changing the vote on administrative appeal and the subsequent results, *i.e.* his continued incarceration, as erroneous or done without authority. (*Id.* ¶¶ 41–46.) Nevertheless, Plaintiff has failed to allege that his recommitment decision "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," as set forth in *Heck*, at 486–87 (footnote omitted).

    The court notes that Plaintiff did allege in the amended complaint that he exhausted his administrative remedies regarding the Pennsylvania Board of Probation and Parole decision's "through the Pennsylvania Board of Probation and Parole Administrative Remedies Appeal process *which Plaintiff was successful with*." (Doc. 1, p. 11) (*emphasis added*). This is not sufficient to overcome the favorable-termination rule established in *Heck*. However, it is sufficient for the court to grant Defendant Grady's motion in part while granting Plaintiff leave to file a second amended complaint to cure the defect identified in the amended complaint. *See Phillips*, 515 F.3d at 245. Should Plaintiff pursue filing a second amended complaint, he must clearly label the document as his second amended complaint and use the docket number assigned to this case. Furthermore, he is

cautioned that any amended pleading filed with the court replaces all prior pleadings filed with the court. Therefore, Plaintiff must plead all facts and all claims without references to past pleadings. Should Plaintiff fail to timely file a second amended complaint, the court will enter an order granting Defendant Grady's motion in its entirety, granting judgment in favor of Defendant Grady, and closing the case.

## Conclusion

For the foregoing reasons, Defendant Grady's motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) will be granted in part, and the court will grant Plaintiff an opportunity to file a curative second amended complaint. The case management deadlines will remain stayed pending Plaintiff filing a second amending complaint and the court entering an order setting new deadlines.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 21, 2023