## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRE HARRELL, | : | Civil No. 1:20-CV-01156 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLESHA GRADY, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a motion to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Allesha Grady ("Grady"). (Doc. 49.)  Plaintiff Tre Harrell was previously a parolee and his parole was revoked in 2018.  (Doc. 48.)  Plaintiff alleges that Grady forged his signature on the revocation forms, thus depriving him of his constitutional rights in the parole revocation process and resulting in this 42 U.S.C. § 1983 action.  For the following reasons, the court will grant Grady's motion to dismiss the second amended complaint as the action is barred by the statute of limitations.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 in July of 2020.  (Doc. 1.)  Following an initial screening under 42 U.S.C. § 1915(e)(2)(B)(ii), this court dismissed the complaint, but provided Plaintiff time to file an amended complaint in August of 2021.  (Doc. 12.)

In October of 2021, Plaintiff filed an amended complaint naming ten defendants: Allesha Grady ("Grady") and nine members of the Pennsylvania Board of Probation and Parole ("the Board").  (Doc. 16.)  The nine defendants who were members of the Board moved to dismiss the complaint on June 9, 2022.  (Docs. 28, 29.)  Defendant Grady answered the complaint on June 13, 2022, and did not join the motion to dismiss.  (Doc. 29.)  On February 15, 2023, the court granted the nine board member defendants' motion and dismissed them as defendants in this action.  (Docs. 33, 34.)  The court then entered a case management order scheduling the remaining phases of litigation for all claims raised against Defendant Grady.  (Doc. 35.)  Following a status conference on July 26, 2023, the court amended this case management order.  (Doc. 37.)

On July 31, 2023, Defendant Grady filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and a brief in support.  (Docs. 38, 39.)  Following briefing, the court granted Defendant Grady's motion because Plaintiff failed to overcome the favorable-termination rule established in *Heck v. Humphrey*, 512 U.S. 477 (1944).  (Docs. 46, 47.)  However, based on the pleadings, it appeared that Plaintiff could cure the deficiency, and the court granted Plaintiff leave to file a second amended complaint.  (*Id.*)

Plaintiff filed a second amended complaint.  (Doc. 48.)  The second amended complaint alleges that on May 6, 2017, Plaintiff was released on

Pennsylvania state parole on an approved home plan in Philadelphia. (*Id.*, ¶ 8.)
On March 25, 2018, he was arrested in Atlantic City, New Jersey by Atlantic City
police officers and detained in the Atlantic County Justice Facility for a warrant
issued by the Board. (*Id.*, ¶ 9.) He was extradited to Pennsylvania on April 9,
2018, and held at State Correctional Institution Graterford ("SCI-Graterford")
pending disposition of the alleged parole violations. (*Id.*, ¶ 10.)

On April 12, 2018, Defendant Grady served a notice of charges and hearing.
(*Id.*, ¶ 11.) Plaintiff admits that he acknowledged the notice stating a preliminary
hearing was scheduled to take place at SCI-Graterford on April 20, 2018 at 9:00
a.m. with a signature. (*Id.*) Plaintiff alleges that Defendant Grady attempted to
coerce him into waiving his rights to a preliminary hearing, a violation hearing,
and the right to counsel at these hearings, and that he refused to sign such waivers.
(*Id.*) Plaintiff alleges that he returned form PBPP-72 to Defendant Grady with
only the waiver of panel hearing section signed. (*Id.*, ¶ 21.) Likewise, he alleges
that he returned the PBPP-72T form with only the admission section signed, and
the waiver of violation hearing and counsel sections unsigned. (*Id.*) Plaintiff
alleges that Defendant Grady forged his signature on the PBPP-72T form waiver of
violation hearing and counsel sections in retaliation for Plaintiff requesting GPS
ankle monitoring history as evidence. (*Id.*)

Plaintiff also alleges a series of procedural events that resulted in his parole being revoked on July 6, 2018.  (*Id.*, ¶¶ 13–24.)

Plaintiff alleges that he appealed the determination on July 13, 2018.  (*Id.*, ¶ 25.)  This appeal was successful, and the Board rescinded its July 6, 2018 decision. (*Id.*, ¶¶ 26–41; Doc. 48-1.)

Defendant Grady has filed a motion to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) alleging that the action is time-barred.  (Docs. 49, 50.)  Plaintiff has filed a brief in opposition.  (Doc. 51.) Defendant Grady has not filed a reply.  The court will now address this pending motion.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged forgery giving rise to the claims occurred at SCI-Gaterford, which is located within this district.  *See* 28 U.S.C. § 118(b).

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting

*Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to

survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir.

2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint

survives a motion to dismiss, a court identifies "the elements a plaintiff must plead

to state a claim for relief," disregards the allegations "that are no more than

conclusions and thus not entitled to the assumption of truth," and determines

whether the remaining factual allegations "plausibly give rise to an entitlement to

relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other*

*grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must

"accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of

the complaint, the plaintiff may be entitled to relief."  *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings,*

*Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts

contained in the complaint, the court may also consider "exhibits attached to the

complaint, matters of public record, as well as undisputedly authentic documents"
attached to a defendant's motion to dismiss if the plaintiff's claims are based upon
these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing
*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196
(3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and
held to a less stringent standard than formal pleadings drafted by attorneys. *See
Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193
(3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be
granted leave to file a curative amended complaint even when a plaintiff does not
seek leave to amend, unless such an amendment would be inequitable or futile.
*See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir.
2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which
affirmatively demonstrate that the plaintiff has no right to recover is properly
dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d
103, 106 (3d Cir. 2002).

## DISCUSSION

The court will dismiss the claims against Defendant Grady because the
action is barred by the statute of limitations.

The limitations period for civil actions brought under 42 U.S.C. § 1983 is determined by state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under Pennsylvania law, the applicable statute of limitations for civil rights actions asserted under 42 U.S.C. § 1983 is two years. *See* 42 Pa. Cons. Stat. § 5524. The date when a civil rights action accrues, however, is a matter of federal law. *Wallace*, 549 U.S. at 388. "[U]nder federal law, . . . the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Montgomery v. De Simone,* 159 F.3d 120, 126 (3d Cir. 2008) (quoting *Genty v. Resolution Trust Corp.,* 937 F.2d 899, 919 (3d Cir. 1991)).

According to the complaint, Plaintiff received a copy of the forged documents on May 11, 2018. (Doc. 48, ¶ 18.) As of this date, Plaintiff should have been aware of the alleged forgery by Defendant Grady. This means the statute of limitations expired on May 11, 2020. This court received and filed Plaintiff's original complaint bringing claims against Defendant Grady on July 8, 2020. (Doc. 1.) The complaint was signed June 28, 2020. (*Id*., p. 20.)[1] Therefore, the complaint was filed outside the statute of limitations.

However, Plaintiff appears to argue that he was required to exhaust the administrative appeal process before bringing an action in federal court and could

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

not do so prior to the statute of limitations expiring.  (Doc. 51, pp. 3–4.)  The court construes this argument as asserting that the statute of limitations was tolled.

In *Pearson v. Sec'y Dep't of Corrections*, 775 F.3d 598, 603 (3d Cir. 2015), the Third Circuit Court of Appeals officially held that the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e et seq., is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts his administrative remedies.  *Id.* at 604.  The PLRA requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations.  *See id.* § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted).  Proper exhaustion is mandatory, even if the inmate is seeking relief—like monetary damages—that cannot be granted by the administrative system.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  An inmate "must exhaust available remedies, but need not exhaust unavailable ones."  *Ross*, 578 U.S. at 642.

Therefore, the question before the court is whether administrative remedies were available to Plaintiff and thus a prerequisite to filing this action under the PLRA and tolling the statute of limitations.

Turning to potential available administrative remedies, the court acknowledges that Pennsylvania law allows an interested party to appeal a parole revocation decision. *See* 37 Pa. Code § 73.1(a)(1). "The scope of review of an appeal will be limited to whether the decision is supported by substantial evidence, an error of law has been committed or there has been a violation of constitutional law." 37 Pa. Code § 73.1(a)(2). The requirement to exhaust administrative remedies is applicable to alleged unconstitutional acts of the Board. *See DeFoy v. McCullough,* 393 F.3d 439 (3d Cir. 2005); 28 U.S.C. § 2254(c).

The court acknowledges that Plaintiff is alleging constitutional violations. (Doc. 28, ¶ 47.) However, he is alleging that the source of the alleged constitutional violation is the forging of his signature by Defendant Grady, and not the decision of the Board. If he were seeking review of the Board's decision, a petition for habeas corpus would be the proper federal relief, not a civil rights claim pursuant to § 1983. *See* 28 U.S.C. § 2254(a).

Therefore, 37 Pa. Code § 73.1(a)(1) did not provide an administrative remedy for the claim asserted against Defendant Grady. Defendant Grady is not a member of the Board; she is the supervising parole agent. (Doc. 48, ¶ 6.) Since no administrative remedy was available, there was no requirement

to exhaust administrative remedies prior to filing this action.  Tolling of the statute of limitations "is not appropriate where resort to an agency is not a prerequisite to review in federal court." *Smith v. City of Philadelphia*, 345 F.Supp.2d 482, 488 (E.D. Pa. 2004).  As such, there is no tolling of the statute of limitations under the PLRA in this action.  Therefore, the action is barred by the statute of limitations, and the claims will be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, all the claims raised against the Defendant Grady are dismissed with prejudice.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: February 14, 2024